UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Terry Pressley, #137798, | ) | C/A No. 6:09-2410-CMC-WMC |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | **Report and Recommendation** |
| Warden, Ridgeland Correctional Institution, | ) | |
| Respondent. | ) | |

Petitioner, a prisoner proceeding *pro se*, files this petition for writ of habeas corpus alleging his sentence has expired. Petitioner alleges he is serving a forty (40) year sentence for various state crimes. According to a memo he filed in support of his petition, petitioner states that although the sentencing judge gave him, *inter alia*, a five year sentence for possession of a weapon, South Carolina law provides exceptions to the five year weapons sentence, including an exception to *service* of the five year sentence where a "longer mandatory minimum term is provided by law for a violent crime." Petitioner alleges he meets this criteria. Nonetheless, according to the petitioner, the South Carolina Department of Corrections (SCDC) has computed the amount of time he must serve based on a forty-five (45) year sentence. Petitioner claims this is incorrect and maintains he is currently eligible for release. Petitioner states that he filed an application for post-conviction relief (PCR) in the Williamsburg County Court of Common Pleas on February 23, 2009. It appears that the PCR application is still pending before that court.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25,

27 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325, (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, 952 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). This court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1979), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); and *Cruz v. Beto*, 405 U.S. 319, 322 (1972). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the Section 2254 petition is subject to summary dismissal because the petitioner has not exhausted his state remedies. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387, 389 (4th Cir. 1990).

The petition for a writ of habeas corpus under in the above-captioned case should be dismissed because the petitioner has not exhausted his state remedies. With respect to his convictions and sentence, the petitioner's sole federal remedies are a writ of habeas corpus which can be sought only after the petitioner has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Woodford v. Ngo,* 548 U.S. 81, 92 (2006) (noting that a "state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process'"); *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Braden v. 30th Judicial Circuit*

*Court*, 410 U.S. 484, 490-491 (1973)(exhaustion also required under 28 U.S.C. § 2241); and *Moore v. De Young*, 515 F.2d 437, 442-443 (3rd Cir. 1975)(exhaustion required under 28 U.S.C. § 2241). Although the petitioner alleges he filed an application for post-conviction relief, that matter is still pending. As a result, the grounds raised in the petition have not been considered and addressed by courts of the State of South Carolina.

If a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he or she can file an appeal in that post-conviction case. *See* § 17-27-100, South Carolina Code of Laws; and *Knight v. State*, 284 S.C. 138, 325 S.E.2d 535 (1985). In fact, if the petitioner files an application for post-conviction relief and the Court of Common Pleas for Williamsburg County denies post-conviction relief or dismisses the petitioner's application for post-conviction relief, the petitioner must seek appellate review by the Supreme Court of South Carolina of that disposition from the Court of Common Pleas for Williamsburg County, or federal collateral review of the grounds raised in his application for post-conviction relief will be barred by a procedural default. *See Whitley v. Bair*, 802 F.2d 1487, 1500 & n. 27 (4th Cir. 1986); *Mason v. Procunier*, 748 F.2d 852, 853-854 (4th Cir. 1984); and *Strader v. Allsbrook*, 656 F.2d 67, 68 (4th Cir. 1981).

The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act, which is currently codified at § 17-27-10 *et seq.*, South Carolina Code of Laws, is a viable state-court remedy. *See Miller v. Harvey*, 566 F.2d 879, 880-881 (4th Cir. 1977); and *Patterson v. Leeke*, 556 F.2d 1168, 1170-1173 & n. 1 (4th Cir. 1977).

Since the petitioner has a viable state court remedy which has not been fully utilized, the United States District Court for the District of South Carolina should not keep this case on

its docket while the petitioner is exhausting his state remedies. *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981): "When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition." *See also Pitchess v. Davis*, 421 U.S. 482, 490 (1975); and *Lawson v. Dixon*, 3 F.3d 743, 749 n. 4, (4th Cir. 1993), where the United States Court of Appeals for the Fourth Circuit noted: "[E]xhaustion is not a jurisdictional requirement, but rather arises from interests of comity between the state and federal courts."

## RECOMMENDATION

Accordingly, it is recommended that the petition for a writ of habeas corpus in the above-captioned case be dismissed *without prejudice* and without issuance and service of process upon the respondents. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); and *Baker v. Marshall*, 1995 WL 150451 (N.D.Cal. 1995)("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."). *Cf*. the Anti-Terrorism and Effective Death Penalty Act of 1996.

October 14, 2009 s/William M. Catoe
Greenville, South Carolina United States Magistrate Judge

***The petitioner's attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).