IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Terry Pressley, #137798, | ) | C/A NO. 6:09-2410-CMC-WMC |
| | ) | |
| Petitioner, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| Warden, Ridgeland Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on Petitioner's *pro se* application for habeas corpus relief, filed in this court pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to a United States Magistrate for pre-trial proceedings and a Report and Recommendation. On October 14, 2009, Magistrate Judge William M. Catoe issued a Report recommending that this petition be dismissed without prejudice and without issuance and service of process. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Petitioner filed objections to the Report on October 30, 2009.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the

recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and the objections of Petitioner, the court agrees with the conclusions of the Magistrate Judge. The court accordingly adopts the Report and Recommendation as part of this order. Petitioner argues that the South Carolina Supreme Court and the South Carolina Administrative Law Court have declined to entertain his claims and there has been an "inordinate" delay in the consideration of his Post-Conviction Relief (PCR) Action and (accordingly) South Carolina courts have had the "opportunity" to address the issue he raises in this petition.

Petitioner filed his latest PCR action in state court on February 23, 2009. Petitioner argues that because no action has been taken in this matter, he has given that court an opportunity to act on the PCR, and that further delay will prejudice him. Statutory requirements provide that the State has thirty (30) days to answer the application or respond by motion once it has been served with the application. S.C. Code § 17-27-70. However, "[c]ompliance with the thirty day time limit prescribed by the statute is . . . not mandatory, . . . but discretionary with the trial court." *Guinyard v. State*, 195 S.E.2d 392, 394 (S.C. 1973).

As noted in *Allen v. Leeke*, 328 F. Supp. 292 (D.S.C. 1971), excessive and inordinate delay by a state court in processing a prisoner's habeas petition has often been held to warrant dispensing with the requirement of exhaustion. In determining whether the delay has been excessive and inexcusable the court should afford the State an opportunity to justify its delay before dispensing with the exhaustion requirement. *Allen*, 328 F. Supp. at 294. However, "[o]nly when evidence is produced that shows the state delay is a result of discrimination against the petitioner, amounting to

a denial of process, should federal intervention proceed to a hearing upon the merits." *Id*. Petitioner makes no showing that he has moved in state court to compel the State's compliance with the statute's time limitation.

Therefore, the petition is dismissed without prejudice and without issuance and service of process on Respondent.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie<br>
CAMERON McGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 3, 2009

C:\Documents and Settings\nac60\Desktop\09-2410 Order.wpd

a denial of process, should federal intervention proceed to a hearing upon the merits." *Id*. Petitioner makes no showing that he has moved in state court to compel the State's compliance with the statute's time limitation.

Therefore, the petition is dismissed without prejudice and without issuance and service of process on Respondent.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 3, 2009

C:\Documents and Settings\nac60\Desktop\09-2410 Order.wpd